IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| IN RE REGIONS MORGAN KEEGAN SECURITIES, DERIVATIVE & ERISA LITIGATION, | ) ) ) ) ) | No. 2:09-md-02009 |
| CEIL WALKER NORRIS, in her role as co-trustee and beneficiary of the Walker Marital Trust #2, the Vernon Walker Trust for Cecilia Walker and The Vernon Walker Trust for Deloss Walker, as principal and beneficiary of the Ceil Walker Rollover IRA, WALKER & ASSOCIATES, INC., and CEIL T. WALKER REVOCABLE TRUST, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 2:08-cv-02830 |
| MK HOLDING, INC. d/b/a/ REGIONS MORGAN KEEGAN TRUST COMPANY and REGIONS FINANCIAL CORPORATION, | ) ) ) ) ) | |
| Defendants. | ) | |

**ORDER**

Before the Court is the Magistrate Judge's Report and Recommendation, dated April 28, 2017 (the "Report"). (ECF No. 118.) The Court referred three motions, filed by Defendants MK Holding, Inc. and Regions Financial Corporation, to the Magistrate Judge for a determination: (1) Defendants' Rule 37(d)

Motion for Sanctions Due to Plaintiffs' Failure to Respond to Discovery (the "Discovery Sanctions Motion") (ECF No. 70); (2) Defendants' Motion to Exclude Expert Report and Testimony of P. Richard Evans (the "Exclusion Motion") (ECF No. 72); and (3) Defendants' Rule 37(c) Motion for Sanctions Due to Plaintiffs' Failure to Comply with Rule 26(a)(3) and this Court's Order (the "Pretrial-Disclosure Sanctions Motion") (ECF No. 108). The Report recommends, as a sanction, that this action be dismissed for "Plaintiffs' counsel's repeated failure to participate in the discovery process and failure to obey orders of the Court." (ECF No. 118 at 1.) On May 12, 2017, Plaintiffs Ceil Walker Norris, Walker & Associates, Inc., and the Ceil T. Walker Revocable Trust filed an "Appeal of the Magistrate Judge's Report and Recommendation" (the "Objections"). (ECF No. 121.) Defendants responded on May 26, 2017. (ECF No. 122.) Without seeking leave of Court, Plaintiffs filed a reply in support of their Objections on June 2, 2017.[1] (ECF No. 123.)

For the following reasons, the Report is ADOPTED, Defendants' Discovery Sanctions Motion, Exclusion Motion, and Pretrial-Disclosure Sanctions Motion are GRANTED, and this case is DISMISSED.

---

[1] The Local Rules do not permit, as a matter of course, replies in support of objections to a magistrate judge's report and recommendations. See L.R. 72.1(g)(2).

# I. BACKGROUND

The Magistrate Judge found the following facts relevant to Defendants' Discovery Sanctions Motion, to which Plaintiffs do not object:

> Plaintiffs filed this action against Defendants on December 1, 2008 generally alleging that MK Holding breached its duties as Trustee of the Plaintiff Trusts by investing Plaintiffs' assets in certain Bond Funds. This case was consolidated in MDL proceedings on July 10, 2009.

> On February 5, 2016, Defendants served Plaintiffs with their First Interrogatories, Request for Production of Documents and Request for Admissions. Plaintiffs failed to timely respond by the deadline of March 4, 2016. On March 11, 2016, Defendants sent Plaintiffs' counsel a letter notifying Plaintiffs that the Requests for Admission were deemed admitted due to Plaintiffs' failure to respond, and asked that Plaintiffs respond to the Request for Production and Interrogatories by March 28, 2016. Plaintiffs did not respond to Defendants' letter, nor did Plaintiffs respond to the follow up letter on March 31, 2016. A status conference was held April 4, 2016 wherein the Court directed the parties to provide additional discovery to one another by April 18, 2016, however Plaintiffs again failed to respond.

> On April 25, 2016, Defendants sent Plaintiffs a third letter attempting to elicit the past-due discovery responses. In response, on May 5, 2016, Plaintiffs provided responses to Defendants' Interrogatories and some responsive documents. On May 23, 2016, Defendants sent Plaintiffs a letter identifying the deficiencies in Plaintiffs' production and asking that Plaintiffs correct the deficiencies by May 27, 2016. Plaintiffs did not respond.

> On May 31, 2016, Defendants engaged Plaintiffs in a telephone call in an attempt to resolve the discovery issues. Plaintiffs agreed to produce written responses to Defendants' Requests for Production and to produce additional responsive

documents. Plaintiffs finally provided additional
discovery on June 8, 2016 which was insufficient.

(ECF No. 118 at 2.)

Thereafter, Defendants engaged Plaintiffs through a series
of emails and telephone calls in an attempt to obtain the
withheld discovery. Defendants emailed Plaintiffs on June 9,
2016, prompting a telephone call in which Plaintiffs agreed to
produce additional documents or responses and, as to certain
document production requests, confirm in writing that, after
conducting a good faith search, they had no additional
documents. (ECF Nos. 65-8, 65-9.) Plaintiffs failed to
perform. (ECF No. 65-10.) On June 15, 2016, Plaintiffs again
agreed, during a telephone call with Defendants, to produce the
documents and responses promised. (Id.) On June 22, 2016,
Defendants emailed Plaintiffs and asked them to bring copies of
all responsive documents Plaintiffs had agreed to produce to a
deposition scheduled the following day. (ECF No. 65-11.)
Plaintiffs again failed to produce the requested documents and
information. (ECF No. 65-12.) On June 25, 2016, Defendants
emailed Plaintiffs informing them that, if the requested items
were not produced by June 27, 2016, Defendants would file a
motion to compel. (Id.)

As the Report discusses, on June 28, 2016, after Plaintiffs
had failed to produce the requested items, Defendants filed a

motion to compel production of all documents responsive to Defendants requests for production and responses to Interrogatories Nos. 22 and 23 (the "Motion to Compel"). (ECF No. 65 at 6-7.) Plaintiffs failed to respond to that motion. (ECF No. 67 at 1.) On July 21, 2016, the Court granted Defendants' Motion to Compel and provided:

> The Plaintiffs are ordered to (1) produce responsive documents to each of Defendants' Requests for Production or to confirm in writing that, following a good faith search, no responsive documents exist; and (2) provide Defendants with the information sought in Defendants' Interrogatories Nos. 22 & 23 within fourteen days of the date of this order.

> The Plaintiffs are warned that, henceforth, failure to comply with proper discovery requests, discovery obligations, or orders of this court will lead to dismissal of the complaint.

(the "July 2016 Order") (Id. at 2.)

The Report finds that, "[f]ollowing this Order, Plaintiffs produced an additional set of documents but failed to provide written confirmation that they had conducted a good faith search and produced all responsive documents, nor did they provide written responses to Interrogatory Nos. 22&23, in contravention of the Court's Order." (ECF No. 118 at 3.)

Addressing Defendants' Exclusion Motion, the Magistrate Judge found the following facts, which Plaintiffs generally do not dispute:

> On August 16, 2016, disclosure of expert witnesses, pursuant to the parties' Scheduling Order

and Federal Rule of Civil Procedure 26(a)(2), was due for "Plaintiff (or any party with burden of proof.)" Plaintiffs did not provide any expert disclosures. On September 16, 2016, the disclosure of "Defendant's (or opposing party) rule 26(a)(2) expert information" was due, and Defendants met this deadline, serving [Plaintiffs] with their expert report on that date. On October 14, 2016, Plaintiffs served Defendants with a report that they classify as a rebuttal expert report.

(Id.) Plaintiffs' counsel acknowledges that the expert report Plaintiffs furnished Defendants did not include the expert's curriculum vitae, a list of cases in which he had testified, or the terms of his compensation. (ECF No. 121-1 ¶ 9 at 3.) Plaintiff's counsel provided that information after Defendants had filed the Exclusion Motion. (Id.)

Addressing Defendants' Pretrial-Disclosure Sanctions Motion, the Magistrate Judge found: "The present case was set for trial on April 17, 2017. Accordingly, Plaintiffs were required to disclose their exhibits and witnesses they intended to present at trial by March 20, 2017. Plaintiffs missed this deadline." (ECF No. 118 at 3.) The Magistrate Judge found that "Defendants did not receive Plaintiffs' exhibit or witness lists until two business days before this Court's deadline for filing motions in limine." (Id. at 9; see ECF No. 86 at 4.) Two business days before the motions-in-limine deadline was March

30, 2016.[2]  Plaintiffs do not object to the Magistrate Judge's finding that they did not disclose their trial exhibits and witnesses by March 20, 2017.  (See ECF No. 121 at 10-11.)

The Magistrate Judge found that Plaintiffs' counsel had failed to timely respond to requests and interrogatories, in violation of Rule 37(d), and had failed to comply with the Court's July 2016 Order, in violation of Rule 37(b).[3]  (ECF No. 118 at 4.)  The Magistrate Judge considered whether dismissal would be an appropriate sanction for Plaintiffs' failure to comply with discovery obligations based on the following factors:

---

[2] Plaintiffs' counsel has filed a declaration in which he states, "*During the week* of March 27, 2017, plaintiffs' counsel circulated a draft of the joint proposed pretrial order, which included, among other things, plaintiffs' witness and exhibit lists."  (ECF No. 121-1 ¶ 11 at 4 (emphasis added).)  Plaintiffs contend that the Report "concluded that . . . the lists were produced . . . on March 27, 2017."  (ECF No. 121 at 17 (citing ECF No. 118 at 9).)  Plaintiffs thus argue that the exhibit and witness lists were produced on March 27, 2017.  (Id. at 17-18.)

The Report does not find that Plaintiffs' lists were produced on March 27, 2017.  The Report noted Plaintiffs' argument that their "lists were provided to Defendants *during the week* of March 27th," but found that Plaintiffs, in fact, produced their lists two business days before the motions-in-limine deadline, or March 30, 2017.  (ECF No. 118 at 9 (emphasis added).)  Despite submitting other emails and documentary evidence in support of their contentions, Plaintiffs have not submitted any record evidence that undermines the Report's findings about the date Plaintiffs disclosed their trial exhibits and witnesses.  Plaintiffs contentions to the contrary are not well taken.

[3] Unless otherwise noted, references to "Rule __" are to the Federal Rules of Civil Procedure.

> (1) whether the party's failure to cooperate in
> discovery is due to willfulness, bad faith, or fault;
> (2) whether the adversary was prejudiced by the
> dismissed party's failure to cooperate in discovery;
> (3) whether the dismissed party was warned that
> failure to cooperate could lead to dismissal; and
> (4) whether less drastic sanctions were imposed or
> considered before dismissal was ordered.

(Id. (quoting Harmon v. CSX Transp., Inc., 110 F.3d 364, 366-67 (6th Cir. 1997)).) The Magistrate Judge recommends finding that all four factors have been met and that dismissal is proper. (Id. at 4, 6.) The Magistrate Judge also recommends that dismissal would be proper under Rule 37(c) because Plaintiffs failed to disclose their trial exhibits and witnesses 30 days before trial, as required by Rule 26(a)(3). (Id. at 8-9.) The Magistrate Judge found the "sanction of dismissal appropriate given Plaintiffs' counsel's extreme pattern of abuse of deadlines, failure to comply with Court Orders, and clear warning given that failure to do so would lead to dismissal." (Id. at 10.) If the Court were to find that dismissal is not an appropriate sanction, the Magistrate Judge recommends granting Defendants' Exclusion Motion and excluding the proposed testimony and report of Plaintiffs' expert witness under Rule 37(c)(1) because Plaintiffs failed to timely disclose their expert and, when they did so, the disclosure was inadequate, both in violation of Rule 26(a)(2). (Id. at 6-8.)

Plaintiffs object to the Magistrate Judge's recommendations and contend that Defendants' sanctions motions should be denied. (ECF No. 121 at 3.)  Defendants counter that the recommendations should be adopted and the case dismissed or that, alternatively, Plaintiffs should be prohibited from calling their witnesses, including their expert witness, or presenting their exhibits at trial.  (ECF No. 122 at 30.)

## II.  LEGAL STANDARDS

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district-court duties to magistrate judges.  See United States v. Curtis, 237 F.3d 598, 602 (6th Cir. 2001) (citing Gomez v. United States, 490 U.S. 858, 869-70 (1989)); see also Baker v. Peterson, 67 F. App'x 308, 310 (6th Cir. 2003).  For dispositive matters, including motions to involuntarily dismiss an action, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1).  For nondispositive pretrial matters, the district judge may reconsider the magistrate judge's disposition if it is "'clearly erroneous or contrary to law.'"  Curtis, 237 F.3d at 603 (quoting 28 U.S.C. § 636(b)(1)(A)).

On *de novo* review, after reviewing the evidence, the court is free to accept, reject, or modify the magistrate judge's

proposed findings or recommendations.  28 U.S.C. § 636(b)(1).
The district court is not required to review -- under a *de novo*
or any other standard -- those aspects of the report and
recommendation to which no objection is made.  Thomas v. Arn,
474 U.S. 140, 150 (1985).  The district court should adopt the
magistrate judge's findings and rulings to which no specific
objection is filed.  Id. at 151.  Arguments made in an objection
to a magistrate judge's report and recommendation that were not
first presented to the magistrate judge for consideration are
deemed waived.  See, e.g., Becker v. Clermont Cty. Prosecutor,
450 F. App'x 438, 439 (6th Cir. 2011); The Glidden Co. v.
Kinsella, 386 F. App'x 535, 544 (6th Cir. 2010); Murr v. United
States, 200 F.3d 895, 902 n.1 (6th Cir. 2000).

**III. ANALYSIS**

Plaintiffs contend that the Magistrate Judge erred in
finding that Plaintiffs failed to comply with the Court's July
2016 Order, in violation of Rule 37(b), and that they failed to
disclose their trial exhibits and witnesses 30 days before
trial, as required by Rule 26(a)(3).  Plaintiffs argue that,
even if the Court finds a violation of either rule, the
Magistrate Judge erred in recommending dismissal based on the
factors articulated in Harmon.  Plaintiffs also contend that the
Magistrate Judge erred in finding their expert disclosures
untimely and inadequate, in violation of Rule 26(a)(2), and in

recommending that their expert's testimony and report be excluded under Rule 37(c)(1).

## A. Discovery and Disclosure Violations Findings

### 1. Rule 37(b) Violations

Under Rule 37(b), "[i]f a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders." Fed. R. Civ. P. 37(b)(2)(A). The rule authorizes various sanctions for noncompliance, including dismissal. See Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii).

The Magistrate Judge found that Plaintiffs had violated Rule 37(b) because they had failed to comply with the Court's July 2016 Order. (ECF No. 118 at 4.) In support of that finding, the Report notes that, although Plaintiffs produced additional documents following the July 2016 Order, they failed to provide written confirmation that they had conducted a good faith search and produced all responsive documents and Plaintiffs failed to provide written responses to Interrogatories Nos. 22 and 23. (Id. at 3.)

Addressing the ordered production of documents, Plaintiffs contend that, by ordering Plaintiffs to "produce responsive documents to each of Defendants' Requests for Production or to confirm in writing that, following a good faith search, no responsive documents exist," the July 2016 Order gave Plaintiffs

the option of *either* producing documents *or* providing written confirmation. (ECF No. 121 at 13.) Plaintiffs contend that, because they produced documents following the July 2016 Order, no written confirmation was required, and they did not violate the order. (Id. at 5, 13.)

As Defendants point out, the July 2016 Order required Plaintiffs to "produce responsive documents *to each* of Defendants' Requests for Production." (ECF No. 67 at 2 (emphasis added); ECF No. 122 at 13.) Plaintiffs do not contend or demonstrate that their production following the July 2016 Order responded *to each* of Defendants' requests. (See generally ECF No. 121 at 5, 13; ECF No. 123 at 2-3.) As one example, Defendants' Request for Production No. 27 asked Plaintiffs to "[p]roduce the most recent resume of any expert(s) Plaintiffs have retained, or which Plaintiffs intend to retain, to testify at the hearing in this matter." (ECF No. 65-1 at 20.) Plaintiffs acknowledge that they did not provide their expert's resume to Defendants until November 22, 2016, (ECF No. 121 at 10), which was well after the August 4, 2016 due date imposed by the July 2016 Order.[4] Plaintiffs do not present evidence that undermines the Magistrate Judge's finding that, by failing to

---

[4] Plaintiffs do not say when they retained their expert witness, but it was before October 14, 2016, the date they served Defendants with Plaintiffs' expert's report. (See ECF No. 121-1 ¶ 9 at 3.)

provide written confirmation that they had conducted a good faith search and produced all responsive documents, Plaintiffs violated the July 2016 Order.

Addressing their failure to provide a written response to Interrogatory No. 22, Plaintiffs contend that they provided a written response to that interrogatory in May 2016 based on available information and disclosed additional responsive information as it became available. (ECF No. 121 at 13-15.) In response to Interrogatory No. 22, which asked Plaintiffs to "[i]dentify any and all recoveries Plaintiffs have made and the amount of money Plaintiffs have received from any Defendant, any brokerage firm, the State or SEC Fair Fund or any other source as a result of Plaintiffs' investments in the RMK Funds," Plaintiffs answered, "Plaintiff believes she may have and is in the process of trying to [sic] whether she in fact did and, if so, the amount." (ECF No. 121-2 at 9.) Plaintiffs argue that, following the July 2016 Order, they had no new information to provide. (ECF No. 121 at 14.) Plaintiffs contend that, "based on information received" at a November 2016 settlement and mediation conference between the parties, "plaintiffs investigated further, found some documentation relevant to the issue, and provided the documentation to defendants' counsel." (Id.) Plaintiffs contend that their conduct did not violate the July 2016 Order as to Interrogatory No. 22.

Plaintiffs' argument assumes that their initial May 2016 response was adequate. The July 2016 Order decided, however, that it was not. In Defendants' Motion to Compel, they asked the Court to order Plaintiffs, *inter alia*, to produce the information sought in Interrogatory No. 22 on the ground that Plaintiffs had not provided a sufficient response. (ECF No. 65 at 6-7.) Plaintiffs failed to respond to that motion and waived any argument to the contrary. The Court granted Defendants' Motion to Compel and ordered Plaintiffs to provide an adequate response by August 4, 2016. Plaintiffs neither timely responded nor notified Defendants that, after making a good faith effort to find the information requested, Plaintiffs were unable to do so. Although Plaintiffs point to efforts they took in November 2016 to provide the requested information, they make no representation that they have ever submitted a written response to Interrogatory No. 22. Plaintiffs do not present evidence undermining the Magistrate Judge's finding that, by failing to timely respond to Interrogatory No. 22, Plaintiffs violated the July 2016 Order.[5]

Addressing their failure to provide a written response to Interrogatory No. 23, Plaintiffs contend that their counsel

---

[5] Plaintiffs' vague suggestion that "information received" at the November 2016 settlement conference enabled them to locate the information originally requested is difficult to credit because Plaintiffs do not explain what information was received, what information was located, or how the two were related.

verbally communicated to Defendants' counsel information responsive to that interrogatory in August 2016, after the July 2016 Order. (ECF No. 121 at 15.) Plaintiffs argue that, because the July 2016 Order did not require them to answer the interrogatories in writing, the Magistrate Judge erred in finding that Plaintiffs violated the July 2016 Order. (Id.) Plaintiffs argue that "[i]t may have been better practice to convey the information in writing, but given the relative insignificance of the information to the action, the failure to provide the information in writing does not rise to the level of violating the Court's Order and justifying dismissal of the action." (Id.)

Responding to interrogatories in writing is not simply "better practice"; it is required by the Federal Rules. Rule 33 provides that "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). In ordering Plaintiffs to respond to Defendants' interrogatories, the July 2016 Order did not suspend Rule 33 or any other Rule. Plaintiffs cite nothing in that order that suggests otherwise. Compliance with the Rules is presumed. Plaintiffs' oral response was not in writing or under oath. Whether Plaintiffs were required to comply with the July 2016 Order did not depend on Plaintiffs' estimation of the relative significance of the information

sought. Even granting Plaintiffs' contentions, Plaintiffs fail to show that they provided the information required by the July 2016 Order on or before the August 4 deadline set by the Order. The Magistrate Judge correctly found that Plaintiffs had violated the July 2016 Order by failing to respond properly to Interrogatory No. 23.

Plaintiffs violated the July 2016 Order in multiple ways and, by doing so, violated Rule 37(b).

### 2. Rule 37(d) Violations

The Magistrate Judge also found that Plaintiffs had violated Rule 37(d) because their counsel's failure to timely respond to requests and interrogatories established a "pattern of delay and disregard." (ECF No. 118 at 4.) Under Rule 37(d), the court may, on motion, order sanctions if "a party, after being properly served with interrogatories under Rule 33 . . . fails to serve its answers, objections, or written response." Fed. R. Civ. P. 37(d)(1)(A)(ii). Rule 33 requires a responding party to "serve its answers and any objections within 30 days after being served with the interrogatories." Fed. R. Civ. P. 33(b)(2). A failure by a party to respond properly "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order." Fed. R. Civ. P. 37(d)(2). Permissible sanctions for Rule 37(d) violations include, *inter*

*alia*, dismissal of the action.  Fed. R. Civ. P. 37(d)(3); <u>see</u> Fed. R. Civ. P. 37(b)(2)(A)(v).

Plaintiffs focus narrowly on whether they violated the Court's July 2016 Order, and therefore violated Rule 37(b), but they do not object to the Magistrate Judge's finding that Plaintiffs violated Rule 37(d).  Plaintiffs violated Rule 37(d) when they failed to timely respond to Defendants First Interrogatories by March 4, 2016.  Plaintiffs did not respond to any interrogatories until May 5, 2016, over two months late, after three requests by Defendants that Plaintiffs do so and a court order that the parties exchange additional discovery by April 18, 2016, a date Plaintiffs also missed.  When Plaintiffs did respond, some of their answers were clearly insufficient.  For example, in response to Interrogatory No. 23, Plaintiffs objected, contending that the question called for information not relevant to any claims or defenses.  (ECF No. 65-5 at 6-7; ECF No. 121-2 at 3, 9.)  At no point, however, did Plaintiffs file a motion for a protective order that might have justified their failure to respond.  Plaintiffs continued to object to Interrogatory No. 23 until at least June 10, 2016.  Even after they agreed to withdraw their objection, no answer was forthcoming until August 2016.  (<u>See</u> ECF No. 65-9 at 2; ECF No. 65-10 at 2; ECF No. 121-1 ¶ 6 at 3.)  Plaintiffs' response to

Interrogatory No. 22 was likewise insufficient as decided by the July 2016 Order.

Plaintiffs violated Rule 37(d) in multiple ways. Those violations, which preceded Plaintiffs' violation of Rule 37(b), provide further warrant for the sanction recommended by the Report.

### 3. Rule 26(a)(3) Violation

The Magistrate Judge also found that Plaintiffs had violated Rule 26(a)(3) by failing to disclose Plaintiffs' proposed trial exhibits and witnesses to Defendants by the March 20, 2017 deadline. (ECF No. 118 at 8-10.) Rule 26(a)(3) requires each party to disclose the name and contact information for each witness expected to, or who may, testify at trial and to identify each document or exhibit the party expects to, or may, offer at trial. Fed. R. Civ. P. 26(a)(3)(A)(i) and (iii). The rule provides that, "[u]nless the court orders otherwise, these disclosures must be made at least 30 days before trial." Fed. R. Civ. P. 26(a)(3)(B). "If a party fails to provide information or identify a witness as required by Rule 26(a) . . . the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). A court may impose other sanctions for noncompliance,

including dismissal. Fed. R. Civ. P. 37(c)(1)(C); <u>see</u> Fed. R. Civ. P. 37(b)(2)(A)(i)-(vi).

On December 6, 2016, the Court entered a Scheduling Order setting a trial date of April 17, 2017, and requiring the parties, *inter alia*, to submit a joint proposed pretrial order no later than March 31, 2017. (ECF No. 87 at 1.) Also entered on December 6, 2016, was a setting letter stating the Scheduling Order's requirements and notifying the parties of other pretrial procedures they were required to follow. (ECF No. 86 at 1-2.) Among those procedures, the setting letter instructed the parties to comply with Rule 26(a)(3) and noted that Rule 26(a)(3) "requires disclosures of witnesses . . . and exhibits . . . to the opposing counsel thirty days before trial." (<u>Id.</u> at 4.) Given the April 17, 2017 trial date, as the Report notes, Plaintiffs were required to disclose their trial exhibits and witnesses by March 20, 2017. They failed to do so.

Plaintiffs contend that Rule 26(a)(3)'s 30-day disclosure requirement applies "[u]nless the court orders otherwise," and, here, the Scheduling Order ordered otherwise by instructing: "The Proposed joint pretrial order should include any stipulated facts, contested issues of fact and law, list of witnesses and exhibits, and should be signed by the attorneys for all parties." (ECF No. 121 15-16 (quoting ECF No. 87 at 2).)

19

Plaintiffs contend that, because the Scheduling Order required the parties to submit a joint proposed pretrial order by March 31, 2017, and because that document "was to include the very same items that Rule 26(a)(3)(A) requires be disclosed in the absence of a conflicting court order," Plaintiffs' counsel reasonably interpreted the Scheduling Order to override Rule 26(a)(3) and provide a different deadline for the production of trial exhibits and witnesses, March 31, 2017, rather than March 20, 2017. (Id. at 16.) Plaintiffs argue that any instruction to the contrary in the setting letter should be disregarded because it is not a court order. (ECF No. 123 at 3-4.) Plaintiffs conclude that they did not violate Rule 26(a)(3) because Rule 26(a)(3) did not apply.

Plaintiffs' construction of the Scheduling Order is not reasonable. The portion of the Scheduling Order that Plaintiffs cite addressed the information the parties were to include in the proposed joint pretrial order to be submitted *to the court*. It did not address the information the parties were required to disclose *to each other*, as provided by Rule 26(a)(3). Nothing in the Scheduling Order contradicted or suspended the requirements of Rule 26(a)(3). The setting letter, entered contemporaneously with the Scheduling Order, reminded the parties that the disclosure requirements of Rule 26(a)(3) were in effect. The Scheduling Order fully cohered with the setting

letter's instructions, and any suggestion that those instructions were optional is not well taken.

Plaintiffs contend that, assuming they violated Rule 26(a)(3), "there is to be no sanction if the failure was 'substantially justified or is harmless.'" (ECF No. 121 at 17 (quoting Fed. R. Civ. P. 37(c)(1)).) Plaintiffs argue that any Rule 26(a)(3) violation on their part was substantially justified because their construction of the Scheduling Order was reasonable. (Id.) It was not. Plaintiffs' efforts to contrive ambiguity where there was none do not substantially justify their failure to follow Rule 26(a)(3).[6]

Plaintiffs failed to disclose trial exhibits and witnesses to Defendants by the March 20, 2017 deadline. By failing to do so, Plaintiffs violated Rule 26(a)(3).

## B. Dismissal Recommendation

Plaintiffs contend that the Magistrate Judge erred in recommending dismissal based on his analysis of the four Harmon factors. The Magistrate Judge analyzed the Harmon factors in conjunction with Plaintiffs' Rule 37(b) and Rule 37(d) violations.[7]

---

[6] Plaintiffs also argue that any violation on their part was harmless. Those arguments are addressed below, along with Plaintiffs' prejudice arguments.

[7] The Magistrate Judge also recommends dismissal under Rule 37(c) based on Plaintiffs Rule 26(a)(3) violation, but did not

## 1. Willfulness, Bad Faith or Fault

In recommending dismissal, the Magistrate Judge considered whether Plaintiffs' failure to cooperate in discovery was due to willfulness, bad faith, or fault. See Harmon, 110 F.3d at 366-67. The Magistrate Judge noted this Circuit's requirement that "dismissal of an action for an attorney's failure to comply should only be ordered where there is a clear record of delay or contumacious conduct." Id. at 367 (quotation marks omitted). "Contumacious conduct" is behavior that is "perverse in resisting authority" and "stubbornly disobedient." Schafer v. City of Defiance Police Dep't, 529 F.3d 731, 737 (6th Cir. 2008). Culpable conduct "must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [that] conduct on those proceedings." Mulbah v. Detroit Bd. of Educ., 261 F.3d 586, 591 (6th Cir. 2001) (quotation marks omitted).

In finding Harmon's first factor satisfied, the Magistrate Judge found the delays created by Plaintiffs' conduct were the delays discussed in Harmon. In Harmon, the court found a clear record of delay and contumacious conduct where a party failed to properly respond to the opposing party's persistent discovery requests for almost a year, failed to respond to a motion to

separately analyze the Harmon factors in conjunction with that violation.

22

compel, and failed to comply with the district court's discovery order.  See id. at 365-66, 368.  The same conduct occurred here. The Report notes that "Defendants have outlined the myriad attempts at communication and cooperation, which were largely ignored, resulting in an Order that Plaintiff failed to fully comply with."  (ECF No. 118 at 4.)

Plaintiffs argue that Harmon is distinguishable because that case was about a party's refusal to provide discovery, but here the dispute is about the timeliness of the discovery or the manner in which it was provided.  (ECF No. 121 at 20.) Plaintiffs contend that they produced documents following the July 2016 Order, that they responded to Interrogatories Nos. 22 and 23 as they were able, and that they ultimately provided trial exhibit and witness lists.  (Id. at 20-21.)  They contend that the only disputes are whether Plaintiffs were required to provide written confirmation about their document production, whether their interrogatory responses had to be in writing, and whether their exhibit and witness disclosures were timely. (Id.)

Plaintiffs' distinctions are inapt.  Plaintiffs' refusal/manner dichotomy is not supported by Harmon.  The sanctioned party in Harmon did not refuse outright to produce any discovery.  He answered discovery requests, but his answers were late, inadequate, and improper.  See Harmon, 110 F.3d at

365.  Plaintiffs' responses were likewise late, inadequate, and improper.  As discussed above, Plaintiffs have not shown that they produced all responsive documents as required by the July 2016 Order, and they have not shown that they have ever adequately responded to the interrogatory requests in writing and under oath.  Plaintiffs' argument also fails to account for their numerous failures to respond to Defendants' repeated requests as well as comply with the Court's April 4, 2016 Order in the months preceding the July 2016 Order.  Plaintiffs' repeated failures to properly respond or cooperate from March 2016 to March 2017 were stubbornly disobedient and exhibited a reckless disregard for the effect of their conduct on these proceedings.  See Schafer, 529 F.3d at 737; Mulbah, 261 F.3d at 591.

Plaintiffs cite Patterson v. Twp. of Grand Blanc, 760 F.2d 686 (6th Cir. 1985), and Carpenter v. City of Flint, 723 F.3d 700 (6th Cir. 2013).  Those authorities do not support a contrary conclusion.  In Patterson, the district court's dismissal was pursuant to Rule 41(b) for failure to prosecute, not Rule 37(b) for failure to engage in discovery, and the dismissal appears to have been *sua sponte*.  760 F.2d at 687-88.  In Carpenter, the dismissal was also *sua sponte* for failure to prosecute and the opposing party had not been prejudiced.  723 F.3d at 701-02, 707-08.

The Court agrees with the Magistrate Judge that this factor favors dismissal.

### 2. Prejudice to Defendants

The Magistrate Judge also considered whether Defendants had been prejudiced by Plaintiffs' failure to cooperate in discovery, see Harmon, 110 F.3d at 367, and concluded that Defendants had been. The Report finds that "Defendants have documented more than eight months of letters, e-mails, calls and a Motion, to which no response was filed, and a court Order, which has not been fully complied with, all to obtain complete answers with regard to Defendants' first set of discovery requests." (ECF No. 118 at 5.) The Magistrate Judge concluded that "Plaintiffs' failure to cooperate in discovery has cost time and money to Defendants and delayed the progression of the case, thus prejudicing them and meeting the second factor." (Id.)

Plaintiffs contend that the only relevant prejudice Defendants have suffered, if any, is that caused by the delay in their receiving Plaintiffs' discovery materials. (ECF No. 121 at 22.) The Sixth Circuit has been reluctant to find that mere delay amounts to prejudice that warrants dismissal. E.g., Mulbah, 261 F.3d at 589-90, 592 ("Unlike other cases in which we found dismissal proper, in the instant case Plaintiff has not failed to respond to any discovery requests propounded by

Defendants, nor has he acted in contempt of a court order compelling cooperation with such requests."). This is not a case of mere delay.

Plaintiffs' conduct required Defendants to draft numerous letters and emails and participate in countless telephone calls with Plaintiffs, file three motions to extend Defendants' deadline for filing discovery motions to allow Plaintiffs additional time to cooperate (See ECF Nos. 58, 60, 62), and file a Motion to Compel, all in an effort to obtain the discovery responses Plaintiffs were required to provide.[8] Plaintiffs untimely disclosure of their trial exhibits and witnesses left Defendants with two business days to prepare and file motions in limine. Plaintiffs' conduct throughout led Defendants to file the sanctions motions that are now pending before the Court.[9] Like the prejudiced party in Harmon, Defendants have been "required to waste time, money, and effort in pursuit of cooperation," which Plaintiffs were "legally obligated to

---

[8] Plaintiffs contend that no prejudice caused by their conduct preceding the July 2016 Order is of consequence. (ECF No. 123 at 5.) That argument ignores that the Magistrate Judge's dismissal recommendation is based, in part, on Plaintiffs' Rule 37(d) violations preceding the July 2016 Order, which Plaintiffs do not deny.

[9] Defendants were also prejudiced by Plaintiffs' untimely and inadequate expert witness disclosures, the subject of the Exclusion Motion discussed below.

provide." 110 F.3d at 368.  Considering Plaintiffs' pattern of conduct as a whole, the prejudice to Defendants is significant.

Plaintiffs suggest that there is no prejudice to Defendants because everything of relevance ultimately has been provided. (ECF No. 123 at 5.)[10]  Plaintiffs have never provided written, sworn responses to Interrogatories Nos. 22 and 23, and it does not appear that they have produced documents responsive to each of Defendants' discovery requests.  Plaintiffs have never provided written confirmation that their discovery production is fully responsive and complete.[11]  Plaintiffs have acted in contempt of a court order compelling cooperation.  Plaintiffs' belated argument that nothing remains outstanding is inadequate given Plaintiffs' repeated refusals to cooperate and their incomplete, piecemeal disclosures.

The Court agrees with the Magistrate Judge that this factor favors dismissal.[12]

---

[10] Plaintiffs' contention is actually more guarded.  They contend that "there *is no evidence in the record* that plaintiffs are withholding documents or information in violation of the Court's Order." (ECF No. 123 at 5 (emphasis added).)

[11] To the extent there is any ambiguity in the record about whether Plaintiffs' document production is now complete, Plaintiffs have had the ability to clarify that ambiguity by providing written confirmation.  Plaintiffs have refused to do so.

[12] Plaintiffs contend that this Court must also consider Defendants' dilatory conduct in assessing prejudice. (ECF No. 121 at 22.)  Plaintiffs raise that argument for the first time

### 3. Warning of Dismissal

The Magistrate Judge also considered whether Plaintiffs had been warned that failure to cooperate could lead to dismissal, see Harmon, 110 F.3d at 367, and found that Plaintiffs had been. Plaintiffs do not dispute that finding. (ECF No. 121 at 19.) As the Report notes, the July 2016 Order's warning was unequivocal: "The Plaintiffs are warned that, henceforth, failure to comply with proper discovery requests, discovery obligations, or orders of this court will lead to dismissal of the complaint." The Court agrees with the Magistrate Judge that this factor favors dismissal.

### 4. Consideration of Less Drastic Sanctions

The Magistrate Judge also considered whether less drastic sanctions should be imposed in lieu of dismissal, see Harmon, 110 F.3d at 367, but concluded, after "careful consideration of the record," that "less drastic sanctions would [not] cure the harm caused by Plaintiffs' repeated failure to move this case

---

in objecting to the Magistrate Judge's findings and recommendations and have waived it. See Murr, 200 F.3d at 902 n.1. Plaintiffs contend that Defendants relied on documents not produced in discovery in support of Defendants' summary judgment motion and that Defendants produced over 3,000 pages of new documents in March 2017, six months after the close of discovery. (ECF No. 121 at 23-25.) Defendants contend that Plaintiffs failed to sue the correct parties, that Plaintiffs failed to amend the Complaint to name the correct parties, and that Defendants' recent disclosures relate to the unnamed parties Plaintiffs now seek to name as Defendants (the subject of a separate motion (see ECF No. 95)). (ECF No. 122 at 23-24.) Plaintiffs offer no response. (See generally ECF No. 123.)

forward by ignoring deadlines and disregarding the Court's Order." (ECF No. 118 at 5.) The Report explains: "Plaintiffs' failure to cooperate throughout the discovery process and failure to respect the Orders and deadlines set in this case have resulted in wasted time, shortened deadlines for Defendants, and a re-set trial. There has been no improvement in Plaintiffs' conduct even after warning of dismissal." (Id.)

Plaintiffs' arguments challenging the Magistrate Judge's conclusions assume that Plaintiffs did not violate the July 2016 Order, which the Court has found they did, and focus on whether there is sufficient evidence that Plaintiffs are currently withholding relevant documents or information. (ECF No. 121 at 26.) Plaintiffs do not offer any justification for their pattern of delay and nondisclosure. Plaintiffs do not suggest what lesser sanction would be appropriate in this case. By arguing that Defendants' sanctions motions should be denied in their entirety, Plaintiffs take the position that no sanctions are warranted. The Magistrate Judge did not err in failing to consider a lesser sanction that Plaintiffs themselves do not consider.

As to Plaintiffs' Rule 26(a)(3) violation for failure to timely disclose trial exhibits and witnesses, courts have recognized that exclusion of testimony pursuant to Rule 37(c) is automatic unless a party's nondisclosure is justified or

harmless, which Plaintiffs have failed to establish. See, e.g., Colebrook v. Ky. Dep't of Motor Vehicle Enforcement, No. 08-110-JGW, 2011 WL 573820, at *2 (E.D. Ky. Feb. 15, 2011) ("[P]laintiff bears the burden to show that his inexplicable noncompliance with the Court's scheduling order was either substantially justified or harmless."). The result of Plaintiffs' failure to timely disclose their trial exhibits and witnesses is that they are not entitled to present that evidence at trial, further underscoring that dismissal of this action is appropriate.

The Court agrees with the Magistrate Judge that this factor favors dismissal.

Because all of the Harmon factors favor dismissal, dismissal is the appropriate sanction for Plaintiffs' violations of Rule 26(a)(3), Rule 37(b), and Rule 37(d).

### C.  Expert Disclosure Violations and Recommendation

Because dismissal of this action is warranted based on Plaintiffs' violations of Rule 26(a)(3), Rule 37(b), and Rule 37(d), it is unnecessary to address in detail the Magistrate Judge's recommendation that the testimony and report of Plaintiffs' proposed expert be excluded because of Plaintiffs' failure to timely and adequately disclose their expert, in violation of Rule 26(a)(2). Plaintiffs have not demonstrated that the Magistrate Judge's findings and recommendation on this

nondispositive pretrial motion are clearly erroneous or contrary to law. See Curtis, 237 F.3d at 603.

Plaintiffs argue that their proposed expert is a rebuttal expert and that their October 14, 2016 disclosure of that expert's report (after Plaintiffs' August 16, 2016 deadline for disclosure of expert witnesses and after Defendants' September 16, 2016 deadline for expert disclosures, which Defendants met) was timely. (ECF No. 121 at 26-30.) The Magistrate Judge rejected that argument, finding that Plaintiffs' expert's report "seems to primarily consist of affirmative opinions rather than rebutting Defendants' expert's opinion." (ECF No. 118 at 7.)

Under the Federal Rules, a party may make expert disclosures "within 30 days after the other party's disclosure" only "if the evidence is intended *solely* to contradict or rebut evidence on the same subject matter identified by" the other party pursuant to that party's initial expert disclosure obligations. Fed. R. Civ. P. 26(a)(2)(D)(ii) (emphasis added).

Plaintiffs' expert's "report" is a one-page letter written by P. Richard Evans that contains one paragraph responding to Defendants' proposed expert's opinions, followed by a 71-page slide presentation. (ECF No. 121-3 at 1-73.) None of the slides in Evans' presentation addresses or responds to Defendants' expert or his opinions. Evans is not a rebuttal expert. His disclosure was untimely. Plaintiffs' failure to

timely disclose their proposed expert was not substantially justified or harmless.  Fed. R. Civ. P. 37(c)(1).

The Court agrees with the Magistrate Judge that exclusion of Plaintiffs' expert's testimony and report is proper under Rule 37(c).

**IV.  CONCLUSION**

For the foregoing reasons, the Report is ADOPTED, Defendants' Discovery Sanctions Motion, Exclusion Motion, and Pretrial-Disclosure Sanctions Motion are GRANTED, and this case is DISMISSED.


So ordered this 17th day of August, 2017.


/s/ Samuel H. Mays, Jr.
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE